## WOMACK v. HICKS LOCOMOTIVE & CAR WORKS.

(Circuit Court of Appeals, Seventh Circuit. April 13, 1909.)

No. 1,442.

1. MASTER AND SERVANT (§ 288*)—MASTER'S LIABILITY FOR INJURY TO SERVANT—ASSUMPTION OF RISK.

Plaintiff was employed in the car manufacturing and repairing works of defendant, and was sent by a foreman with another employé to put pin lifters on cars then standing on switch tracks in the yards, and while so at work was injured when the string of cars on which he was working was moved by a switch engine from the opposite end. It appeared that it was customary, when workmen were working on cars on any of such tracks, to put up a signal flag to warn the engineer; but plaintiff had not worked there before, and was not given a flag, nor instructed to use one. *Held*, that he could not be charged with having assumed the risk as matter of law; it being the duty of defendant to see that proper action was taken to make the place safe.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1071; Dec. Dig. § 288.*

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

2. MASTER AND SERVANT (§ 289*)—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.

Plaintiff in such case was not chargeable with contributory negligence as a matter of law.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. 1089; Dec. Dig. § 289.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

The facts are stated in the opinion.

Lee D. Mathias, for plaintiff in error.

Ralph M. Shaw, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge, delivered the opinion.

The action was for damages for injuries growing out of the alleged negligence of defendant in error in not giving to plaintiff in error, its employé, a safe place in which to work. At the conclusion of plaintiff's evidence an instructed verdict for defendant was returned, upon which judgment was entered. To reverse this judgment the writ of error is prosecuted.

The question presented is, whether there was evidence tending to show the plaintiff in error's right to recovery. Defendant in error is engaged in the business of manufacturing and repairing freight cars. For more than a year, and until two or three days before the injury, plaintiff in error was an employé in the locomotive company's shops. The plant is located at Chicago Heights, and covers a tract of ground about a quarter of a mile square, containing, besides the shops, six railroad tracks, all of which diverge from one main track, used for the purpose of storing and repairing cars. The entrance to the track is through a gate in the fence enclosing the grounds.

On the day before the injury, plaintiff in error was taken by the assistant general foreman of the shops, from the shops to the tracks outside, to certain cars standing on the tracks, and directed, commencing on the west end of a string of flat cars on track No. 3, and passing over, when they were finished, to another string of cars on track No. 2, to put in pin lifters on the end of each car. The work on the cars on track No. 3 having been finished, plaintiff in error, with a fellow workman, passed immediately over, under the instruction received the day before from the assistant foreman to track No. 2, working backward upon that track upon the string of cars, some eighteen or more in number. It was at this time that the injury was received, due to the backing of a switch engine operated by defendant in error against the west end of a string of cars on track No. 2, between two of which the plaintiff in error was working. The evidence shows that the backing of this switch engine was done without warning, and that the physical situation was such that plaintiff in error did not see the danger to which he was exposed, there being eighteen or nineteen cars between him and the engine.

The plaintiff in error, as has been already said, was new to this class of outdoor work. He had, according to his own testimony, received no instructions or directions respecting the putting up of flags or signals, or any other precautions to prevent what occurred. He knew from what he had observed passing to and fro, that the switch engine operated frequently upon these tracks, and that flags were from time to time set up upon the tracks, but he had never been told and did not know (accepting his own testimony as we must on this hearing) that

these flags were used as signals not to operate upon a given track, or that the repairers were expected to put up such signals.

The contention of defendant in error, and the view adopted by the court below, was that plaintiff in error's knowledge that the switch engine frequently operated on these tracks was enough to put him into such a relation to the defendant in error that whatever risks he took in going between the cars were assumed, and that going between the cars without putting up a precautionary flag was contributory negligence. We cannot concur in this view. To begin with, it was the duty of defendant in error to provide the plaintiff in error with a reasonably safe place in which to perform his work. Doubtless the putting into his possession of a flag or other signal, with instructions as to its purposes, would be a compliance with this duty in cases where accident occurred through the employé's failure to use the flag. But in the case under consideration no such signal was provided, and no such instruction given. For all that the evidence discloses, plaintiff in error reasonably may have supposed that the company, in some other way, was performing its duty to provide him a safe place in which to do his work. Indeed, on the day previous when he was set to work, the assistant foreman said (according to the assistant foreman's testimony) that he would attend to the setting of the flags. There is nothing in the evidence that brings knowledge home to him that no such provision was being made. And whatever his knowledge otherwise, he had no knowledge, upon the evidence under consideration, that an engine or cars would be moved on the track where the repairing was going on.

These facts entirely distinguish this case from Southern Pacific Company v. Poole, 160 U. S. 438, 16 Sup. Ct. 338, 40 L. Ed. 485, upon which the defendant in error chiefly relies, for, in that case—the case of a repairer who had gone under the last car of a train which was due to start in a short time—the going under the car was "with a certainty that a caboose was to be attached to the rear"—in other words, a certain knowledge of what was about to occur that called upon him to put out a flag or some other signal of warning. And the other cases cited are cases in which either from actual instruction, or from long experience in connection with the work, the party injured must have known of the danger to which he was exposing himself in the absence of a flag or other signal. Indeed it is just at this point—the presence of such knowledge in the cases cited, and the absence of such knowledge in this case—that this case differs from the cases relied upon by defendant in error.

The judgment of the Circuit Court is reversed with instructions to grant a new trial, and to proceed further in accordance with this opinion.